UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| TONY WELLS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 15-CV-17-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| JODIE L. SNYDER-MORRIS, | ) | **MEMORANDUM OPINION** |
| *Warden*, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**** **** **** ****

Tony Wells is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution ("FCI")-Ashland, located in Ashland, Kentucky. Wells has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1], challenging the enhancement of his federal sentence under the federal sentencing guidelines. Wells has paid the $5.00 filing fee. [D. E. No. 3]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Wells is not represented by an

1

attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, the Court accepts Wells's factual allegations as true and liberally construes his legal claims in his favor.

The Court has reviewed the habeas petition but for the reasons set forth below, determines that that it cannot grant the relief which Wells seeks, *i.e.*, an order either transferring this action to federal court in North Carolina, or setting aside part of his 235-month sentence. The Court will therefore deny Wells' § 2241 petition and dismiss this proceeding.

## LITIGATION HISTORY

On April 25, 2005, a federal grand jury in Statesville, North Carolina, indicted Wells and four co-defendants, charging them with conspiracy to possess with intent to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. *United States v. Tony Wells*, No. 5:05-CR-32 (W.D.N.C. 2005) [R. 1, therein] ("the 2005 Criminal Case") On April 27, 2005, the Government filed a notice under 21 U.S.C. § 851, stating its intention to seek enhanced penalties based on Wells' October 31, 2001, felony drug conviction (for possession of marijuana) from Yadkin County, North Carolina. [*Id.*, R. 5, therein]

On January, 3, 2006, Wells entered into a plea agreement with the Government wherein he agreed to plead guilty to the charge of conspiracy to possess with intent to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. [*Id.*, R. 75, therein] On January 18, 2006, Magistrate Judge David Keesler conducted a hearing to accept Wells' guilty plea, pursuant to Federal Rule of Criminal Procedure 11. *See* Transcript of Rule 11 Proceedings at 1–26. Based on Wells' answers to the questions, and based on the representations and answers from his counsel, the Magistrate Judge accepted Wells' guilty plea, finding that it was knowingly and voluntarily made with an understanding of the charges, the potential penalties, and the consequences of the guilty plea. [*Id.*, R. 84, therein] Wells also signed the Entry and Acceptance of Guilty Plea (Rule 11 Proceeding), which memorialized his oral responses to the district court's inquiries. [*Id.*, R, 84, therein]

On March 1, 2006, the Grand Jury returned a second indictment against Wells, this time charging him with attempting "to obstruct, influence and impede and official proceeding" by sending text message instructions to a prospective witness, instructing that witness to "stick to the story" and provide false information regarding the illegal possession of a firearm in furtherance of a drug trafficking crime by co-defendant Jason Plemmons, all in violation of 18 U.S.C. §

1512(c)(2).  *See United States v. Tony Wells*, No. 06-CR-45-RLV-1 (W.D.N.C. 2006) [R. 3, therein] ("the 2006 Criminal Case").

On May 12, 2006, Wells entered into a second plea agreement with the Government in the 2006 Criminal Case, agreeing to plead guilty to the obstruction of justice charge.  [*Id.*, R. 15, therein]  That plea agreement contained nearly identical provisions to the plea agreement in the 2005 Criminal Case, but also included a provision stipulating that the parties agreed "that the sentence imposed for [the obstruction of justice] conviction [would] be combined for sentencing purposes with the sentence (to be) [sic] imposed" in the drug conspiracy case.  [*Id.*, ¶ 7(a), therein.)

On June 7, 2006, Magistrate Judge Keesler conducted a Rule 11 hearing and colloquy concerning Well's guilty plea on the obstruction of justice charge in the 2006 Criminal Case.  During the hearing, Magistrate Judge Keesler recited the elements of the obstruction of justice offense together with the maximum penalties to which Wells would be subject, and Wells affirmed that he understood the charge against him and the penalties he faced.[1]  After asking Wells a final series of questions concerning the voluntariness of his plea, Magistrate Judge Keesler accepted Wells' plea, finding that he was pleading guilty knowingly and

---

[1] After Government counsel summarized the terms of the plea agreement, including the waiver of Wells' right to appeal or collaterally attack his conviction and/or sentence, except on specific grounds, Wells affirmed that he understood the agreement and the waiver of his right to appeal or challenge his conviction and/or sentence in a post-conviction proceeding. [*Id.* at 14]

4

voluntarily, with an understanding of "the charges, potential penalties, and consequences of his plea." [*Id.* at pp. 15-16]  When the hearing concluded, Wells signed an Entry and Acceptance of Guilty Plea, again acknowledging that he was guilty of the obstruction of justice offense and that he understood the waiver of his right to appeal set forth in the plea agreement. [*Id.*, R. 16, therein]

On November 6, 2006, the district court sentenced Wells to a 235-month prison term on Count One in the 2005 Criminal Case [R. 117, therein], and to a concurrent 235-month sentence on Count One in the 2006 Criminal Case [R. 19, therein].[2]  Wells filed a timely notice of appeal, arguing that the appellate waiver provision in the plea agreement was unenforceable and that his sentence was excessive.  The Government responded that Wells had waived his right to appeal and that because his counsel had conceded that the guidelines were properly calculated, his sentence was presumptively reasonable.

---

[2]  Prior to sentencing, the district court asked Wells if he understood the charges to which he was pleading guilty, the potential penalties, and the consequences of his guilty plea.  *See* Transcript of Sentencing at 3.  Wells affirmed he was pleading guilty freely and voluntarily, and the district court accepted his guilty plea. [*Id.*]  Wells asserted no objections to the PSR but requested a variance below the applicable Guidelines range based on his cooperation with investigating agents and the fact that he had provided the evidence of methamphetamine manufacturing when children were present, upon which the six-level enhancement was based. [*Id.* at 7–8]  Wells' counsel cited several factors in support of a request for a lower sentence, but conceded that "the guidelines were properly calculated." [*Id.* at 8-9]  The Government agreed to a sentence at the low end of the Guidelines but objected to a variance sentence. [*Id.* at 9]  The district court ultimately found no reasons justifying a sentence variance.

On October 15, 2007, the Fourth Circuit Court of Appeals dismissed the appeal, noting that Wells was old enough and experienced enough in criminal procedure to understand the waiver. *United States v. Wells*, 250 F. App'x 550 (4th Cir. 2007)  Wells' counsel filed petitions for rehearing and rehearing *en banc*, but those petitions were denied on December 18, 2007.  *See* the 2005 Criminal Case [R. 162; R. 163, therein]; the 2006 Criminal Case [R. 39; R. 40, therein]

On March 15, 2009, Wells filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 alleging a host of ineffective-assistance-of-counsel claims at all stages of the proceedings; prosecutorial misconduct; and breach of the plea agreement.  *See* the 2005 Criminal case [R. 177, therein]; the 2006 Criminal Case [R. 42, therein].[3]  On March 30, 2011, the district court entered an Order denying Wells' § 2255 motion.  *Id.*, R. 185, therein, *see also Tony Wells v. United States*, No. 3:09-CV-104; Nos. 5:05-CR-32-V; No. 3:06-CR-45-1, 2011 WL 1234709 (W.D.N.C. Mar. 30, 2011)].  The district court rejected Wells' challenges to his guilty plea and his sentence (*i.e.*, the denial of his request for a downward departure), explaining that those particular claims were barred because the Fourth Circuit had previously addressed and rejected them on direct appeal.  *Id.* at **5-6.  The district court carefully examined Wells' Fifth Amendment claim

---

[3] Wells' § 2255 Motion was also docketed as a separate civil proceeding. *See Tony Wells v. United States*, No. 3:09-CV-104-RLV (W.D.N.C. 2009).

alleging prosecutorial misconduct and his numerous Sixth Amendment claims alleging ineffective assistance of counsel at all stages of the criminal proceeding, but determined that none of those claims had merit. *Id.*, at \*6-13.

## CLAIMS ASSERTED IN THE § 2241 PETITION

Wells seeks relief from his 235-month sentence based on the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and the United State Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S. Ct. 2577 (2010).

In *Carachuri–Rosendo*, the defendant, who was facing deportation, was convicted of a crime that the State of Texas categorized as a misdemeanor, but his offense would have been a felony under the Controlled Substances Act (18 U.S.C. § 924(c)(2)) because he had a prior conviction. *Carachuri–Rosendo*, 560 U.S., at 566-67, 130 S.Ct. at 2580-81. The Court held that the offense did not constitute an "aggravated felony" because the state prosecutor had not charged the existence of a prior conviction and, thus, the defendant was not "…actually convicted of a crime that is itself punishable as a felony under federal law." *Id.*, 560 U.S. at 581-82, 130 S.Ct. at 2589. Thus, the Supreme Court held that courts must look at the defendant's actual conviction, rather than the offense for which the defendant

7

could have been convicted, for purposes of determining whether the offense is an aggravated felony under the Immigration and Nationality Act.

In *Simmons*, the Supreme Court had vacated the Fourth Circuit's prior panel opinion for consideration in light of its intervening decision in *Carachuri–Rosendo*. On remand, the Fourth Circuit concluded that a prior conviction constituted a valid predicate offense under the Controlled Substances Act if it was one "punishable by imprisonment for a term exceeding one year" based only upon the actual conviction, not upon hypothetical aggravating factors. *Simmons*, 649 F, 3d at 243–44. Wells argues that in light of these subsequently decided cases, the district court improperly used his 2001 felony drug conviction from Yadkin County, North Carolina, to enhance his federal sentence six levels under the federal sentencing guidelines.

Well contends that when his federal sentence was imposed in November 2006, his prior North Carolina drug offense conviction qualified him for a six-level sentencing enhancement, but that it can no longer serve as a basis for a sentencing enhancement based on the subsequent decisions in *Simmons* and *Carchuri-Rosendo*. Wells contends that both *Carachuri–Rosendo* and *Simmons* apply retroactively to his case; that his enhanced sentence is now illegal based on those cases; and that these cases entitle him to relief from his 235-month sentence.

8

Second, Wells contends that the district court, instead of the jury, improperly determined facts which resulted in the enhancement of his sentence under the federal sentencing guidelines, in violation of the ruling set forth in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. Wells contends that *Alleyne* applies retroactively to his case and affords him relief from his enhanced sentence.

Third, Wells relies on the Supreme Court's grant/vacate/remand ("GVR") order in *Persaud v. United States*, 134 S.Ct. 1023 (2014). Like Wells, the defendant in *Persaud* sought to challenge a sentencing enhancement through a § 2241 petition and the savings clause of § 2255.

Wells claims thus fall under the Fifth Amendment of the U.S. Constitution, which guarantees due process of law, and the Sixth Amendment of the U.S. Constitution, which guarantees a trial by jury in any criminal proceeding. Wells seeks an order transferring his § 2241 petition to the United States District Court for the Western District of North Carolina, where he was sentenced. [D. E. No. 1, p. 7] Wells asserts that that the transfer would promote judicial economy because the Western District of North Carolina "...is familiar with the underlying

9

conviction and sentencing as well as the circumstances resulting from the decision announced in *Simmons*." [*Id.*] Wells also contends that North Carolina federal court is a "more convenient forum" for all parties involved. [*Id.*]

## DISCUSSION

The Court will first address, and deny, Wells' request to transfer the venue of this proceeding to the United States District Court for the Western District of North Carolina. If a federal prisoner seeks to challenge issues related to the manner in which his sentence is being executed, he must file a § 2241 habeas petition in the district court having jurisdiction over petitioner's custodian. *Robinson v. Morrison*, 27 F. App'x 557 (6th Cir. 2001); *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999) (a petition for a writ of habeas corpus under § 2241 is confined to the district court having jurisdiction over the petitioner's custodian); *In re Hanserd*, 123 F.3d 922, 925 (6th Cir. 1997); *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). In this proceeding, Wells does not challenge the BOP's execution of his sentence; he alleges that his remedy under § 2255 was inadequate and ineffective to challenge his federal detention. Wells thus invokes the savings clause of 28 U.S.C. § 2255, by way of a habeas petition filed under 28 U.S.C. § 2241.

Wells was confined in FCI-Ashland when he filed this action on March 16, 2015, and according to the BOP's website, he remains confined in that facility.[4] Wells's custodian is FCI-Ashland Warden Josie L. Snyder-Morris and this Court has jurisdiction over Warden Snyder-Morris, which means that Wells properly filed his § 2241 petition in this district. Had Wells filed his § 2241 petition in the United States District Court for the Western District of North Carolina, that court undoubtedly would have transferred the proceeding here, because Wells is confined in a federal prison located in this district, and because this Court has jurisdiction over his custodian. Wells is free to file whatever type of civil action he chooses in the United States District Court for the Western District of North Carolina, but a *transfer* of the instant § 2241 petition to that court is not warranted.

The Court now turns to the merits of Wells' claims, which challenge his enhanced sentence. Generally, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging issues which relate to the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th

---

[4] *See* http://www.bop.gov/inmateloc/ as to Tony Wells, BOP Register No. 20272-058 (last visited on May 11, 2015).

Cir. 2001); *see also Charles Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The

Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal
> prisoners that seek to challenge their convictions or imposition of
> their sentence shall be filed in the [jurisdiction of the] sentencing
> court under 28 U.S.C. § 2255, and that claims seeking to
> challenge the execution or manner in which the sentence is
> served shall be filed in the court having jurisdiction over the
> prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation

marks omitted).   In short, 28 U.S.C. § 2255 provides the primary avenue for

federal prisoners seeking relief from an unlawful conviction or sentence, not §

2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Here, Wells is not challenging the manner in which the BOP is executing his

sentence, such as the way its computation of sentence credits or consideration of

parole eligibility, issues which traditionally fall under the purview of § 2241.

Instead, Wells contends that his enhanced sentence violates his constitutional rights

and that he should be resentenced without the six-level enhancement.  Wells is thus

challenging the constitutionality his sentence on Fifth and Sixth Amendment

grounds, under § 2241 via the "savings clause" of § 2255(e).

However, a federal prisoner may challenge the legality of his detention

under § 2241 only if his remedy under § 2255(e) is found to be inadequate or

ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012). *Wooten*, 677 F.3d at 307; *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may *only* pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Wells claims that *Alleyne*, which was decided after the district court denied his § 2255 motion, supports his claims. Wells asserts that under *Alleyne*, he had a constitutional right to have all elements used to increase his penalty charged in the indictment and proven beyond a reasonable doubt to the jury. If Wells were currently arguing this particular sentencing issue on direct appeal of his sentence, he could likely invoke *Alleyne* as support for his argument. But Wells asserts this sentencing claim in a § 2241 petition, which is merely a collateral challenge to his

13

sentence, and "...a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).

Unfortunately for Wells, on June 24, 2014, the Sixth Circuit Court of Appeals joined numerous other appellate courts in holding that *Alleyne* does not apply retroactively to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-91 (6th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Rodriguez*, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (*per curiam*); *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (*per curiam*); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (*per curiam*); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (*per curiam*); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Thus, *Alleyne* does not support Wells's argument.

Wells next argues that he no longer qualifies as a "career offender" because of the new rule announced in *Carachuri-Rosendo v. Holder*, in which the Supreme Court addressed how a district court should determine whether a defendant qualifies as a "career offender" for sentencing purposes. Wells' reliance on *Carachuri-Rosendo* is misplaced, because Supreme Court did not hold in

14

*Carachuri–Rosendo* that it was announcing a new rule or that its holding was retroactive to cases pending on collateral review.

The Sixth Circuit has not addressed the issue, but in *United States v. Powell*, 692 F.3d 554 (4th Cir. 2012), the Fourth Circuit Court of Appeals held that *Carachuri-Rosendo* articulated a procedural rule rather than a substantive rule. *Id.*,at 559-60. The court of appeals reasoned that *Carachuri-Rosendo* did not alter the range of conduct or the class of persons that could be punished under any criminal statute; the decision changed the manner of determining whether a defendant's prior conviction qualifies as an aggravated felony. *Id.* The Fourth Circuit therefore held that *Carachuri-Rosendo* is a procedural rule and does not apply retroactively to cases on collateral review. *Id.*, at 560.

This Court and several other district courts in this Circuit have adopted this reasoning. *See, e.g., Callins v. United States*, No. 04-CR-20009; No. 14-CV-14781, 2015 WL 1540678, at *3 (E.D. Mich. Apr. 7, 2015) (refusing to apply *Carachrui–Rosendo* retroactively); *Hueso v. Sepanek*, No. 13-CV-19-HRW, 2013 WL 4017117, at *6 (E.D. Ky. Aug 6, 2013) (stating that "[c]ourts have ... held that the decision in *Carachrui–Rosendo* is not retroactively applicable to cases on collateral review.") (collecting cases); *Rawls v. United States*, No. 3:01CR-124-H, 2013 WL 56986, at *2 (W.D. Ky. Jan. 3, 2013) (holding that contrary to Rawls's

15

assertion that *Carachuri-Rosendo* applied retroactively, the Fourth Circuit had since held that *Carachuri-Rosendo* is a procedural rule that does not apply retroactively to cases on collateral review); *Story v. United States*, No. 2:02-CR-22, 2012 WL 2128007, at *2–3 (E.D. Tenn. June 12, 2012) (concluding that "the Supreme Court did not find the rule in *Carachuri-Rosendo* to be new or hold that it applies retroactively to cases on collateral review."); *Thomas v. Holland*, No. 10-CV-98, 2011 WL 2446373, at *5 (E.D. Ky. June 15, 2011) (declaring that the "Court is ... unwilling to apply [*Carachuri-Rosendo*] retroactively to a case on collateral review without further guidance from the Supreme Court.").

While the Fourth Circuit applied the analytical framework described by the Supreme Court in *Carachuri–Rosendo* to § 841(b) determinations in *Simmons*, a claim under the savings clause must be predicated upon decisions of statutory interpretation issued by the Supreme Court, not the circuit courts. *Cf. Miller v. United States*, 735 F.3d 141, 146 (4th Cir. 2013) ("The fact that this Court relied on *Carachuri* in reaching its decision in Simmons does not mean that *Carachuri* itself announced a new rule of substantive criminal law, only that this Court applied *Carachuri* in such a way as to announce such a [new substantive rule.]").  Based on the Fourth Circuit's opinion in *Powell* and the decisions of other district courts listed above, the undersigned continues to conclude that absent further instruction

16

from the Supreme Court, *Carachuri-Rosendo* does not apply retroactively to a case on collateral review, such as Wells' § 2241 petition.

More fundamentally, however, Wells may not avail himself of the holdings in *Carachuri–Rosendo*, *Simmons*, or *Miller*, because he expressly stipulated to the specific sentencing range in which his sentence fell, and because he waived the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. Such waivers are enforceable in habeas proceedings under § 2241, and preclude the assertion of the very argument that Wells pursues in this proceeding. *Solis-Caceres v. Sepanek*, No. 13-CV-21HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 11-CV-12-JMH, 2011 WL 65598 (E. D. Ky. Jan.7, 2011); *Peete v. United States*, No. 11-CV-2242, 2013 WL 3199834, at *1–2 (C.D. Ill. June 24, 2013) (holding that claims asserted in § 2241 petition barred by plea agreement's waiver of right to collaterally attack conviction); *Triplett v. Deboo*, No. 5:12CV140, 2014 WL 235521, at *6 (N.D. W.Va. Jan. 22, 2014) (holding challenge under *Carachuri–Rosendo* to § 922(g) conviction in § 2241 petition barred by collateral attack waiver in plea agreement).

Further, Wells does not claim that he is actually innocent of the various drug offenses of which he was convicted; he challenges *only* the amount of time which

17

he was ordered to serve in prison.  In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'"  *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Indeed, the Sixth Circuit has never extended to savings clause to § 2241 petitioner who challenges only the enhancement of his sentence; in fact, the Sixth Circuit has repeatedly held (and in no uncertain terms): "Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that a prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim."); *see also, Hoskins v. Coakley*, No. 4:13-CV-1632, 2014 WL 245095 (N.D. Ohio Jan. 22, 2014) (denying federal prisoner's § 2241 petition

in which he challenged only his enhanced sentence).   One of our sister courts correctly summarized this issue as follows:

> "...neither *Carachuri-Rosendo* nor *Simmons* have any bearing on whether Petitioner is actually innocent of a crime.  These cases merely limit the potential punishment the sentencing court may impose. *Stevens v. Farley*, No. 1:11CV2260, 2012 WL 1669847, at *4 (N.D. Ohio May 14, 2012).  **Claims of sentencing errors do not support a finding of actual innocence**.
>
> *Rivera-Cruz v. Coakley*, No. 4:14-CV-656, 2014 WL 2946651, at *4 (N. D.

Ohio June 30, 2014) (emphasis added).

Because the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their *sentences*, Wells has not alleged a valid actual innocence claim.

Finally, Wells asks the Court to consider his petition in light of the Supreme Court's grant/vacate/remand ("GVR") order in *Persaud v. United States*, 134 S.Ct. 1023 (2014).   Like Wells, the defendant in *Persaud* sought to challenge a sentencing enhancement by way of a § 2241 petition and the savings clause of § 2255. And as with Wells, binding circuit precedent foreclosed that avenue of relief. The Solicitor General confessed error, taking the view that a petitioner can challenge a sentencing enhancement through the savings clause, and asked the Supreme Court to remand the case to the Fourth Circuit for reconsideration in light of the United States' new position. *See* Brief of Appellee at *22–23, *Persaud*, 134

S.Ct. at 1023. The Supreme Court acquiesced and issued a GVR order. *Persaud*, 134 S.Ct. at 1023.

However, the Supreme Court's GVR order was not a reversal on the merits, nor was it a suggestion that the Fourth Circuit was wrong. *See Communities for Equity v. Mich. High Sch. Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006). Rather, it is "a device that allows a lower court that had rendered its decision without the benefit of an intervening clarification to have an opportunity to reconsider that decision and, if warranted, to revise or correct it." *Gonzalez v. Justices of the Mun. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005). While the GVR in *Persaud* gives the Fourth Circuit an opportunity to reconsider its own decision, it does not give district courts free license to ignore binding circuit precedent. And in this case, binding Sixth Circuit precedent bars Wells from seeking relief through a § 2241 petition.

For the reasons set forth above, Wells has not demonstrated that he is actually innocent of the drug offenses of which he was convicted. Because Wells is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1.    The 28 U.S.C. § 2241 petition for a writ of habeas corpus filed by Petitioner Tony Wells [D. E. No. 1] is **DENIED**.

2.    The Court will enter an appropriate Judgment; and

3.    This § 2241 habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This May 15, 2015.



Signed By:
Henry R. Wilholt, Jr.
United States District Judge